# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:22-mj-01144 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Amanda M. Knapp |
| ) | |
| KORDELL RAYSHAWN JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

The United States seeks review of the order of the Magistrate Judge releasing Defendant Kordell Rayshawn Johnson subject to conditions pending trial.

## FINDINGS OF FACT

Based on the record developed in this matter and the proffers of the parties, the Court makes the following findings of fact relating to the issue of detention.

An affidavit supporting the criminal complaint establishes that three suspects stole a truck and an SUV. They used the truck to dislodge a bank ATM from its foundation with a chain in the early morning hours of June 15, 2022 before sunrise. After doing so, one of them used a crowbar to open the ATM and remove over $1,000 in cash from the machine. Then, they used the SUV as a getaway vehicle.

As the suspects left the parking lot in Twinsburg, Ohio where the ATM was located, the police responded, and a high-speed chase reaching speeds of 120 miles per hour ensued. When the SUV crashed into a tree, the chase ended, and the suspects fled on foot, but were apprehended. Mr. Johnson is one of those suspects.

Mr. Johnson lives in Texas and has done so for at least the last two years and flew to Cleveland a few days before the offense. Before the offense, Mr. Johnson researched online how to break into an ATM.

In Texas, Mr. Johnson cares for his grandmother who has some health problems, including a broken arm. Apparently, he flew to Cleveland because he has close friends in the area. These friends are sufficiently close to him that Mr. Johnson refers to them as his cousins, though they are not blood relatives. Although Mr. Johnson was previously charged with violent offenses in his past, these were pled down to less serious convictions.

At the detention hearing before the Magistrate Judge, Pretrial Services recommended release subject to conditions to ensure Mr. Johnson's appearance. Further, the evidence before the Magistrate Judge showed that Mr. Johnson was not on parole or supervision in Texas at the time of the events outlined in the affidavit supporting the criminal complaint. Both Mr. Johnson and his mother informed the U.S. Pretrial Services Officer that his parole ended in May 2022.

Since then, however, the United States confirmed that Mr. Johnson was on parole on the date of the offense charged in the indictment. Regarding Mr. Johnson's status on parole, the information presented to the Magistrate Judge at the detention hearing results from one of three possibilities: (1) Mr. Johnson provided false information to the Magistrate Judge, (2) a misunderstanding, or (3) Mr. Johnson allowed incomplete or inaccurate information regarding his parole in Texas to come before the Magistrate Judge and influence her decision. A misunderstanding might

arise because, in May 2022, Mr. Johnson met with his parole officer in Texas who advised him that the two might not see each other again since his parole was scheduled to terminate (in July 2022).

Based on the information before the Court, including the totality of the record and the opportunity to assess Mr. Johnson's demeanor, the Court finds that Mr. Johnson did not deliberately lie to the Magistrate Judge, directly or through counsel. Instead, the record shows that Mr. Johnson allowed the record to reflect a misunderstanding regarding his parole, which had the effect of misleading the Magistrate Judge. In any event, this information regarding Mr. Johnson's parole was *not* before the Magistrate Judge and might have led her to make a different determination at the detention hearing.

## ANALYSIS

District courts review a magistrate judge's release or detention order de novo. *United States v. Tripplett*, No. 1:19-cr-700, 2020 WL 6702118, at *1 (N.D. Ohio Nov. 13, 2020) (citing *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990)). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

3

and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Accordingly, consistent with the Constitution's protection of liberty and the presumption of innocence, federal law favors release.

The United States bears the burden of proving that detention is warranted. To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Mr. Johnson poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).

I.  **Risk of Flight and Safety of Others**

Mr. Johnson lives in Texas. His ties to Northeast Ohio are tenuous. To the extent they exist at all, they consist of having close friends in the area. But the record shows that these friends are not a positive influence on Mr. Johnson. Within days of arriving to visit them, Mr. Johnson was involved in the events that bring him before the Court.

The United States argues that Defendant poses a flight risk because the suspects fled the scene of the crime and again when the SUV crashed at the end of

4

the high-speed chase. It is one thing, however, to flee when caught in a criminal act and another to fail to appear for court proceedings to determine guilt or innocence. Mr. Johnson has no history of non-appearance. Perhaps, in this regard, the Court could craft conditions to ensure his appearance. However, Mr. Johnson's failure to be fully candid with the Magistrate Judge suggests that he cannot be trusted to honor a commitment to appear before the Court. Because of the combination of his tenuous ties to the area and his lack of candor with the Magistrate Judge, the Court determines that the United States has carried its burden of showing that Mr. Johnson presents a risk of flight by a preponderance of the evidence.

As for the safety of the community, as the Magistrate Judge noted, this offense was non-violent, but the high-speed chase presented a significant danger to others and the community, though Mr. Johnson was a passenger in the getaway car. Moreover, and most significantly, Mr. Johnson's status on parole at the time of the offense suggests that any such conditions the Court might fashion will not protect the community—in Ohio or in Texas—against further criminal conduct. Accordingly, even without considering Mr. Johnson's criminal history, the record shows that the United States has carried its burden by clear and convincing evidence that Mr. Johnson's release pending trial presents a danger to the safety of the community.

Based on *United States v. Ploof*, 851 F.2d 7, 10 (1st Cir. 1988), and *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986), Defendant argues that the Court is without authority to order detention on the basis of dangerousness because the offense at issue in this case is a property offense. (ECF No. 16, PageID #158.)

5

Generally, these cases support the proposition that a defendant cannot be subject to detention on the basis of a showing of danger to the community unrelated to the federal charges. *See also United States v. Lamar*, __ F.Supp.3d __, No. 5:22-MJ-05138-MAS-1, 2022 WL 1239862, at *4 (E.D. Ky. Apr. 27, 2022) (limiting the dangerousness assessment to the specific risk of obstruction of justice where the detention hearing arises under 18 U.S.C. § 3142(f)(2)(B)). Because the Court finds that the United States carried its burden on risk of flight, the Court need not consider this argument further. Additionally, and in any event, the Court limits its consideration of dangerousness to the specific circumstances relating to the offense at issue and turns to whether one or more conditions exist that will accomplish the purposes of Section 3142 in light of these findings.

## II. The Factors Under Section 3142

In determining whether there are conditions of release that will reasonably assure Mr. Johnson's appearance and the safety of others and the community, the Court reviews the record in light of the factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." To order detention under Section 3142(e) requires proof by clear and convincing evidence. 18 U.S.C. § 3142(f); *Yamini*, 91 F. Supp. 2d at 1127.

### II.A. Nature and Circumstances of the Offense Charged

The first factor considers whether the offense charged is a crime of violence, has a minor victim, or involves a controlled substance. 18 U.S.C. § 3142(g)(1). As noted, this offense did not involve a minor victim or a controlled substance. Strictly speaking, it is not a crime of violence. But it did involve fairly extreme damage to private property and resulted in a high-speed chase that presented significant danger to the community, as the Magistrate Judge noted. Although Mr. Johnson argues that he was a passenger in the vehicle, the high-speed chase was a foreseeable consequence of the conduct in which he allegedly engaged on the night in question for which he bears legal responsibility, at least for purposes of detention.

### II.B. Weight of the Evidence

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt" and is not a pretrial determination of guilt. *Stone*, 608 F.3d at 948. Again, as the Magistrate Judge noted, the evidence shows that the suspects placed the community at grave risk of serious harm through the high-speed chase. Moreover, the theft at issue resulted from planning and Mr. Johnson participated after traveling from Texas, showing that he acted on his plans. In this way, both the flight from the scene of the offense but also the level of planning and the other facts surrounding the alleged offense itself provide evidence of dangerousness.

### II.C. History and Characteristics of the Person

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, they include whether the defendant was on probation or parole at the time he committed the offense. *Id.* § 3142(g)(3)(B). Indeed, Section 3142(g)(3)(B) specifically directs the Court to consider "whether, at the time of the current offense or arrest, the person was . . .on parole . . . for an offense under Federal, State, or local law."

In its analysis of this factor, the Court focuses in particular on two aspects of the record. First, Mr. Johnson's criminal history. The United States points to some 13 arrests of Mr. Johnson for a range of offenses. But the Court will focus on convictions, not arrests. Mr. Johnson has a conviction for assault on a public official. Although charged with aggravated robbery and aggravated kidnaping, each presenting highly concerning and very serious allegations, Mr. Johnson pled guilty to the lesser offense of felony theft. He also has a conviction for engaging in organized criminal activity. For these convictions, Mr. Johnson received sentences of imprisonment of approximately two years in one case and three years in another. Notwithstanding this criminal history, the recommendation in this case was for release with conditions.

Second, at the time of the offense Mr. Johnson was on parole. Again, this fact shows that he will disregard conditions the Court might impose to assure the safety of the community. Moreover, Mr. Johnson allowed the Magistrate Judge to make her detention decision without a full record of the facts regarding his probation. This lack of candor demonstrates that Mr. Johnson cannot be trusted if placed on supervision.

**II.D. Nature and Seriousness of the Danger Release Poses**

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Here, the record shows that Mr. Johnson engaged in planning of the offense then traveled a great distance to carry it out. These sorts of actions show that release poses a serious risk to the community of the commission of serious offenses.

Even if Defendant quickly pleads guilty, such that release on the conditions the Magistrate Judge set might assure Mr. Johnson's appearance and provide some measure of protection to the community, as defense counsel argues, supervision on any condition ultimately requires trust and cooperation between a defendant and the supervising officer. Here, the record shows that Mr. Johnson was not fully forthcoming about his status on parole in a setting where his transparency was paramount, particularly given the limited information available to the officer in the short time available at the time of the detention hearing before the Magistrate Judge. Although defense counsel's argument has some merit, the remaining factors of Section 3142 outweigh this one and establish the need for detention in this case.

\* \* \*

Overall, the Magistrate Judge did not have reasonably accurate or complete information about Mr. Johnson's parole status available to her. This important information and the other factors, considered individually and collectively, weigh in favor of detention. In reaching this determination, the Court has not considered the circumstances regarding detention any other defendant charged in this case.

## CONCLUSION

For the foregoing reasons, the Court determines that the United States has carried its burden of showing, by a preponderance of the evidence, that Defendant poses a risk of flight and, by clear and convincing evidence, that Defendant poses a risk to the safety of others and the community. Further, by clear and convincing evidence, the Court determines that there is no condition or combination of conditions that will assure Mr. Johnson's appearance and the safety of others and the community. Therefore, the Court orders Mr. Johnson's detention pending trial.

**SO ORDERED.**

Dated: July 18, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio