**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.  5:22 CR 390** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHARLES FLEMING** |
| | ) | |
| **vs.** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **KORDELL RAYSHAWN JOHNSON** | ) | |
| | ) | |
| **Defendant.** | | |

Now comes Defendant, Kordell Rayshawn Johnson, by and through undersigned counsel, and hereby submits his Sentencing Memorandum. Mr. Johnson respectfully requests this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of 18 U.S.C. § 3553. Mr. Johnson's position regarding sentencing is set forth more fully in the attached Memorandum.

Respectfully submitted,
**BETRAS, KOPP & MARKOTA, LLC**


 */s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: dbetras@bhlaws.com
*Attorney for Defendant*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      PROCEDURAL BACKGROUND**

On July 14, 2022, Defendant was indicted by a United States grand jury for one count of Bank Larceny, in violation of 18 U.S.C. §§ 2113(b), a Class C Felony.  On October 28, 2022, Mr. Johnson entered a guilty plea to the Indictment and his case was referred to the United States Probation Office for the preparation of a Presentence Investigation Report (herein after "PSR"). Said PSR was prepared on December 21, 2022, and revised on January 19, 2023.

**II.     LAW & ARGUMENT**

In the advent of the United States Supreme Court ruling in *United States v. Booker*, 125 S.Ct. 738 (2005), it is now well established that the federal sentencing guidelines are no longer mandatory. Instead, they are simply one of the many factors that must be considered by the Court in constructing a sentence that is no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553.

District Courts retain broad discretion in determining what sentence to impose based on the particular circumstances of a given case. However, sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. *See Kimbrough v. United States*, 552 U.S. 85 (2007). As such, both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the <u>least restrictive sentence</u> that will satisfy the four purposes of sentencing: justice, deterrence, public protection from further crimes and the provision of rehabilitative treatment. 18 U.S.C. § 3553(a)(2); *see also Kimbrough*, 552 U.S. at 101.

In order to determine the least restrictive sentence that satisfies the statutory purposes of sentencing, *supra*, this Court must consider the seven (7) factors set forth in 18 U.S.C. § 3553(a)(1)-(7). The pertinent factors of this analysis are discussed below.

### A.  18 U.S.C. § 3553(a)(1) History and Characteristics of Defendant

Kordell Rayshawn Johnson was born on March 26, 1997, in Galveston, Texas.  Prior to the instance in this case, the Defendant moved to League City, Texas to care for his aging mother.

He came to the Cleveland area with his grandmother where the offense happened. The Defendant's record is not good, but he takes issue with the criminal history category VI.  The last time he saw his P.O., she told him "This is your last visit, and you are no longer on probation". This was in May of 2022. Of course, this was not necessarily true, although he was not technically off probation. It was his understanding that he was, therefore, he takes issue with Category VI.

Nothing about Defendant's background is typical of a defendant coming before this court.  His mother and father are both fully employed as are his 4 sisters and 1 brother.  No one else in the family has had a run in with the criminal justice system.

The Defendant, for some unknown reason, despite a normal upbringing, has had repeated violations of the law.  The only difference now is the Defendant is a father.  This has enhanced his outlook on life and fatherhood. It should be pointed out to the court that the Defendant has been incarcerated since is violation of June 15, 2022.  The Defendant has been incarcerated for almost 18 months at Northeast Ohio Correctional Center, in Youngstown, Ohio. The Defendant has not  incurred any infractions.

**CONCLUSION**

Defendant, Kordell Rayshawn Johnson, respectfully submits to this Honorable Court the appropriate sentence in this case. The plea agreement allowed for a total offense level of 13 which is different than what is contained in the PSR. The Defendant has had no infractions and since

becoming a father, Defendant requests to be sentenced upon the range agreed to his plea agreement of the 13-offense level and a criminal history of 5.

Respectfully submitted,
**BETRAS, KOPP & HARSHMAN, LLC**

*/s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: dbetras@bhlaws.com
*Attorney for Defendant*

## <u>CERTIFIACE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed and served electronically this 3rd day of February 2023 upon attorneys who have completed the ECF registration as required by the Court.

*/s/ David J. Betras*
DAVID J. BETRAS
ATTORNEY FOR DEFENDANT