**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-CR-390 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KORDELL R. JOHNSON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court is in receipt of Defendant's unopposed motion for sentence reduction under 18 U.S.C. § 3582(c)(2).  (ECF No. 72).  Defendant's motion requests that the Court reduce his sentence to 30 months with credit for time served because Amendment 821 to the United States Sentencing Guidelines lowered him to criminal history category V with a guideline range of 30 to 37 months.  *Id*.  For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

Defendant is correct that at the time of sentencing he was in criminal history category VI due to two additional status points added for being on parole at the time of the instant offense.  (ECF No. 43, PageID 318).  Under the retroactive application of amended U.S.S.G. § 4A1.1(e), Defendant now has 12 criminal history points and his criminal history category drops to category V. The Court concurs that Defendant's new guideline range for offense level 13 and criminal history category V is 30 to 37 months.  That portion of Defendant's motion is **GRANTED**.

The Court, however, is not inclined to reduce Defendant's sentence.  The Court notes the range applied at the time of sentencing was 33–41 months.  (ECF No. 72, PageID 449).  The sentence imposed (36 months) falls not only within the latter range, but also in the new range (30–

1

37 months) after application of the guideline amendment.  Most noteworthy, though, is the fact

that Defendant's worst prior sentence of incarceration is three years (or 36 months).  (ECF No. 43,

PageID 317–18).  He was on parole in Texas for that offense when he traveled to Ohio to commit

the offense in this case.  *Id*.  The Court took these facts, among others, into account in fashioning

a sentence that comports with 18 U.S.C. § 3553(a).  This is reflected in the fact that the Court did

not sentence Defendant to the low end of the previous sentencing range (33 months).  Considering

the 3553(a) factors, the Court finds that the 36-month sentence imposed is sufficient and not greater

than necessary to meet the purposes of the statute.  It would be counterintuitive to sentence

Defendant at the low end of the post-amendment range (30 months), when the Court previously

determined that the low end of the pre-amendment range (33 months) was not sufficient.  While

Defendant's request for a reduction of the sentencing range to 30–37 months (criminal history

category V) is **GRANTED**, his request for a reduction of his sentence is **DENIED**.

    **IT IS SO ORDERED.**

Date:  February 21, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**